IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| JANE DOE 2, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:23-CV-00582 |
| | ) | |
| v. | ) | JUDGE TRAUGER |
| | ) | |
| JIMMIE ALLEN, AADYN'S DAD | ) | JURY TRIAL DEMANDED |
| TOURING, INC., CHARLES HURD | ) | |
| and JOHN DOES 1-100 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS

Defendant Jimmie Allen ("Allen") files this Response in Opposition to Plaintiff Jane Doe 2's ("Plaintiff") Motion to Dismiss Counterclaim (the "Motion to Dismiss"). For at least all the reasons outlined herein, the Motion to Dismiss is not well taken and should be denied.

### I. INTRODUCTION

Plaintiff's Motion to Dismiss widely misses the mark. Importantly, the issue Plaintiff requests this Court to consider in her Motion to Dismiss—the sufficiency of Allen's conversion claim—turns on questions of fact that and is therefore entirely inappropriate at this stage of litigation. Whether a conversion has occurred, including evaluation of the merits of Plaintiff's purported justification or defense, is a question of fact that is not appropriate to be resolved at the motion to dismiss stage. Further, Plaintiff incorrectly raises irrelevant, criminal issues to distract from the actual subject matter of this civil counterclaim. As such, Plaintiff's Motion to Dismiss must be denied.

1

## II. BACKGROUND

Allen and Plaintiff met in May 2022 on a flight to Nashville, Tennessee. *See* Answer and Counterclaim ("Counterclaim"), Doc No. 11, ¶¶ 11-12. Following this flight, Allen and Plaintiff started a relationship, including spending time together in-person as well as communicating via text messages, social media, and phone calls. *Id.* at ¶¶ 13-16. Because of this consistent interaction and burgeoning relationship, Allen invited Plaintiff to visit him in Las Vegas, Nevada while he worked. *Id.* at ¶¶ 17-18. Plaintiff agreed to visit Allen in Las Vegas, where she attended a bowling tournament with him. *Id.* at ¶¶ 17-20.

Following the tournament, Allen and Plaintiff spent time in Allen's room, where the two eventually engaged in a consensual sexual encounter. *Id.* at ¶¶ 21-23; 27. With Plaintiff's permission, Allen recorded this encounter on his camera phone. *Id.* at ¶¶ 24-27. Despite Plaintiff agreeing to be recorded, when Allen woke up the next morning, he discovered that Plaintiff had left the hotel room with his phone. *Id.* at ¶ 29. Plaintiff refused to give Allen back his phone, instead demanding the passcode to the device so that she could delete the recording to which she had previously consented. *Id.* at ¶¶ 30-32. Allen agreed to delete the recording once Plaintiff returned his phone but would not provide Plaintiff with his passcode as he did not want Plaintiff to access any confidential, personal, proprietary, or sensitive information located on his personal device. *Id.* at ¶¶ 33-34. Rather than cooperate with Allen, Plaintiff maintained possession of Allen's phone, left the state with his phone, and never returned the phone, instead sending it to the Las Vegas Police Department. *Id.* at ¶¶ 35-37.

## III. LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief

2

Case 3:23-cv-00582   Document 18   Filed 08/15/23   Page 2 of 10 PageID #: 81

that is plausible on its face,' "meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court must accept the plaintiff's factual allegations as true and construe them in plaintiff's favor. *Id.* at 678; *Retro Television Network, Inc. v. Luken Commc'ns*, LLC, 696 F.3d 766, 768–69 (8th Cir. 2012). The question is not whether the claimant "will ultimately prevail. . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). On a Rule 12(b)(6) motion to dismiss, "[t]he moving party has the burden of proving that no claim exists." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield,* 552 F.3d 430, 433 (6th Cir.2008). The Court should not dismiss a claim unless it appears beyond doubt that Plaintiff cannot prove any set of facts in support of its claims that would entitle it to relief. *Middle Tennessee Occupational & Env't Med., Inc. v. First Health Grp. Corp.*, No. 3-05-0218, 2005 WL 3216282, at *2 (M.D. Tenn. Nov. 28, 2005).

## IV. ARGUMENT

### a. Allen's counterclaim states a plausible cause of action for conversion, and the issues raised by Plaintiff cannot be resolved by a Motion to Dismiss.

Allen's counterclaim states a legitimate cause of action for conversion and should not be dismissed. "A conversion is defined as a distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with his title or rights therein or in derogation, exclusion, or defiance of such title or rights." *Wantz v. Redfield*, 326 P.2d 413, 414 (1958). "Conversion is an act of general intent, which does not require wrongful intent and **is not excused by care, good faith, or lack of knowledge**." *Cerros v. N. Las Vegas Police Dep't*, 2006 WL 3257164, at *4 (D. Nev. Nov. 9, 2006) (emphasis added); *Evans v. Dean Witter Reynolds, Inc.*, 116 Nev. 598, 611, 5 P.3d 1043, 1051, n.13 (2000) ("[S]ome acts of

3

conversion do not involve wrongful intent."). Allen's counterclaim sufficiently sets forth the elements of a conversion claim, namely (1) that Allen is the valid owner of this phone, and (2) that Plaintiff wrongfully took the phone, left the state, and has not returned the phone to Allen. *See* Counterclaim at ¶¶ 29-37. In fact, Plaintiff does not dispute two key elements of the claim: Allen's ownership of the phone or the fact that she took it after their encounter. *See* Motion to Dismiss, p. 4. Instead, Plaintiff's alleges a "good faith" justification or defense for taking the phone based on her allegation that she turned the phone over to police because it contained "evidence of a crime." *Id.*, p. 3. The crime, Plaintiff alleges, was Allen's alleged unauthorized recording of her—something Allen directly disputes. *See* Counterclaim at ¶¶24-25. Plaintiff cannot anoint herself a "victim of a crime," and there is no evidence on the record that any crime was committed.

The arguments made in Plaintiff's Motion to Dismiss thus turn on questions of fact which cannot be decided at this stage of litigation and are inappropriate for resolution via a motion to dismiss. Specifically, Plaintiff's apparent defense hinges on the phone containing "evidence of a crime," and whether the recording constitutes "evidence of a crime" hinges on whether Plaintiff consented to being recorded.

It is well established that questions of fact are not appropriate for a motion to dismiss. *Nashville Underground, LLC v. AMCO Ins. Co.*, 523 F. Supp. 3d 1006 (M.D. Tenn. 2021) (finding that resolution of a question of fact "precludes dismissal on a motion for failure to state a claim"); *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478 (6th Cir. 2009); *Ross v. Kirkpatrick*, No. 3:20-CV-00536, 2021 WL 533753 (M.D. Tenn. Feb. 12, 2021); *PNC Bank, Nat'l Ass'n v. Wright*, No. 3:21-CV-198-RGJ, 2022 WL 4482858, at *7 (W.D. Ky. Sept. 27, 2022); *D.R. v. Michigan Department of Education*, No. 16-13694, 2017 WL 4348818, *9 (E.D. Mich. Sept. 29, 2017); *A.B. by & through K.B. v. Michigan Dep't of Educ.*, 570 F. Supp. 3d 531, 539 (W.D. Mich. 2021).

Here, Plaintiff's version of events (i.e., that she did not consent to being recorded) directly contradicts the allegations of Allen's counterclaim (i.e., that Plaintiff *did* consent to being recorded). As explained above, Allen's sufficiently plead factual allegations must be accepted as true when considering the Motion to Dismiss. This clear factual dispute precludes dismissal of Allen's counterclaim. Further Nevada courts have consistently held that the question of whether a conversion has occurred is a question of fact. *Evans v. Dean Witter Reynolds, Inc.*, 116 Nev. 598, 606, 5 P.3d 1043, 1048 (2000) ("Whether a conversion has occurred is generally a question of fact for the jury.");*Cheetany v. Bergstrom*, 2022 WL 2541778, at *9 (D. Nev. June 21, 2022); *Miyayama v. Burke*, No. 2:20-CV-01683-DJA, 2022 WL 1665211, at *8 (D. Nev. May 25, 2022); *Brinkerhoff v. Foote,* 132 Nev. 950, 387 P.3d 880 (2016) ("The jury determines whether an act of conversion occurred."); *M.C. Multi-Fam. Dev., L.L.C. v. Crestdale Assocs., Ltd.*, 124 Nev. 901, 911, 193 P.3d 536, 543 (2008). Therefore, any determination of whether a conversion has occurred must be submitted to the jury and cannot be dismissed at this stage. As such, Plaintiff's Motion to Dismiss must be denied as a matter of law.

    b. **Even if Plaintiff's arguments were not fact based, Plaintiff's "justification" for converting Allen's property is meritless.**

Even if this Court could consider Plaintiff's "good faith" justification argument and contradictory allegations of fact, Plaintiff's logic is misplaced. Plaintiff relies on one Nevada case,[1] *Wantz v. Redfield*, 326 P2.d 413 (Nev. 1958), to argue that her actions entitle her to the benefit of a narrow defense to conversion premised on the idea that when there is "genuine doubt as to the rightful ownership of property, a party may properly 'resort to the judicial process' to resolve that doubt." *Nevada State Educ. Ass'n v. Clark Cnty. Educ. Ass'n*, 137 Nev. 76, 85, 482

---

[1] For the purposes of this Response, Allen does not object to the application of Nevada law to its conversion claim. However, Allen reserves the right to raise future objections.

5

P.3d 665, 674 (2021) (internal citations omitted). This argument is meritless and *Wantz* is wholly inapplicable to the action at issue.

In *Wantz*, the court considered "whether a third-party claim against property held under attachment and the accepting of possession of such property can be held to constitute conversion when it is subsequently determined that the claimant was not the owner." *Id.* at 413. Wantz did not involve "evidence of a crime"—it was a debtor-creditor repossession case. *Id.* Plaintiff wrongly relies upon the *Wantz* court's statements that "it is not wrongful or tortious to engage in a dispute as to title nor to submit that dispute to the courts" when, unlike the party in *Wantz*, Plaintiff is *not* disputing the ownership or title to the property. *Id.* at 414. Nowhere in Plaintiff's Motion to Dismiss does she argue that Allen is not the owner of this phone. In fact, she explicitly states the opposite and acknowledges that Allen is the rightful owner of the converted property.[2] *See* Motion to Dismiss, p. 6 ("Plaintiff identified Jimmie Allen as the owner of the phone"). This is therefore not a case of disputed ownership like *Wantz*—Plaintiff took Allen's phone when she knew that it was not rightfully hers to take. The "justification" or "defense" to conversion that Plaintiff extracts from *Wantz* is therefore inapplicable to this case.

In addition to her misplaced reliance on *Wantz*, Plaintiff relies on other non-binding authority to support her arguments despite dedicating a large part of her motion arguing for the application of Nevada law to this case. These cases, again, miss the mark. Plaintiff relies on the "leading case" as if it were applicable to the facts at issue, when in fact, it in no way relates to what has occurred between Plaintiff and Allen. In *Stone*, the Court of Criminal Appeals of Texas allowed for the admission of photographs (evidencing unlawful child pornography) that were

---

[2] Though Plaintiff does raise issue with the ownership of the recorded video on the phone, this recording is not the subject of Allen's claim for conversion. Further, Allen agreed to delete the video, illustrating that there is no reason for Plaintiff to continue to maintain control of this phone.

6

found and turned in by a babysitter who had been present in the alleged perpetrator's apartment. *Stone v. State*, 574 S.W.2d 85, 88–89 (Tex. Crim. App. 1978). The Court found that these photographs were not taken from the apartment with the intent to "deprive" the owner of the property, emphasizing that "the effect of these actions would be to facilitate the return of the property if the police did not find them to be evidence of a crime." *Id.*

As explained above, there was no crime at issue in the instant case. This Court must consider the allegations of the Counterclaim to be true at this stage, meaning that Allen's assertion that no crime has occurred (i.e., that Plaintiff consented to being recorded) stands as true. Additionally, unlike the party in *Stone* who was arguing for the exclusion of evidence in a criminal case, Allen is a party to a *civil* lawsuit who is attempting to recover damages for his wrongfully taken property. Further, the alleged wrongfully taken property in *Stone* was determined to be actual, physical evidence of a crime, whereas Allen's phone does not serve as any evidence of an alleged crime nor are there any pending criminal investigations or charges against Allen.

While Plaintiff claims she took Allen's phone in good faith to facilitate a criminal investigation, her actions prove otherwise. As alleged in the Counterclaim, Plaintiff did not leave with Allen's phone and directly go to the police, but rather held onto it and left the state before ever contacting police. *See* Counterclaim at ¶¶ 29-37. This delay negates any application of *Stone*, where the babysitter who took the photographs did so solely to turn them into the proper authority—which she did immediately. Despite there being no pending criminal charges against Allen, he continues to be deprived of his property, further illustrating Plaintiff's attempts to damage Allen rather than any efforts to "facilitate" an investigation.

Even if these cases were applicable to the matter at issue, the fact remains that Allen's liability will turn on the issue of whether Plaintiff consented to be recorded—an issue of fact not appropriate for a motion to dismiss. Therefore, Plaintiff's motion must be denied.

### c. Plaintiff's references to the Nevada constitution and protections for victims of crimes are irrelevant to this civil lawsuit.

Finally, Plaintiff's argument in this *civil* lawsuit that she was assisting the police to combat Allen's "illegal acts" is nothing more than a red herring and an attempt to distract from the fact that took Allen's property as sufficiently alleged in the Counterclaim. Plaintiff cites to Article 1, Section 8A[3] of the Nevada Constitution (commonly referred to as "Marsy's Law") as justification for why Allen's counterclaim should be dismissed. Marsy's Law is essentially a victim's bill of rights and entitles a "person who is the victim of a crime" to certain rights, including the right to be free from harassment. Nev. Const. art. I, § 8A. But for Plaintiff to be entitled to the protections of Marsy's Law as she has alleged, Plaintiff would have to be a victim of a crime. Marsy's Law defines "victim" as "any person directly and proximately harmed by the commission of a criminal offense under any law of [Nevada]." *Id.* Even if Allen's counterclaim constituted "harassment" under Marsy's law (which it does not), Plaintiff does not meet the definition of a "victim." This is a civil proceeding and no criminal charges—let alone criminal *convictions*—are at issue. It is not up to Plaintiff, or even this Court, to unilaterally determine if she was a victim of a crime—this is not a criminal tribunal and there is no evidence on the record that a crime occurred. Additionally, as explained above, the allegations of the counterclaim must be accepted as true in determining the Motion to Dismiss. *Ashcroft*, 556 U.S. 662, 678. The Court must consider Allen's assertions—that Plaintiff agreed to the recording and then wrongly took and kept Allen's phone—

---

[3] Plaintiff improperly cites the relevant provision as Art. I, § 23 in her Motion to Dismiss.

to be true, which directly rebuts any imputation (albeit inappropriate) of a crime. Counterclaim at ¶¶ 24-27; 29-32. Because Plaintiff cannot claim to be a victim of a crime in direct contradiction of the allegations of the Counterclaim, she is not entitled to the protection cites, and her Motion to Dismiss must be denied.

## V. CONCLUSION

Plaintiff's Motion to Dismiss must be denied. Allen's claim and Plaintiff's purported defense raises issues of fact which cannot be decided on a motion to dismiss. Any dismissal of this claim would be entirely premature, and Plaintiff's authority upon which she relies for support is misguided. Moreover, Plaintiff incorrectly alleges criminal allegations and contradictory facts to distract from the subject of this civil counterclaim. As such, this Court should deny Plaintiff's Motion to Dismiss.

Respectfully submitted,

*/s/ Jonathan Cole*
Jonathan Cole, TN BPR No. 016632
Katelyn R. Dwyer, TN BPR No. 039090
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
1600 West End Ave., Suite 2000
Nashville, Tennessee 37203
Telephone: (615) 726-5600
Facsimile: (615) 726-0464
jcole@bakerdonelson.com
kdwyer@bakerdonelson.com

*Attorneys for Jimmie Allen and Aadyn's Dad Touring, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2023, a copy of the foregoing ***Defendant's Response in Opposition to Motion to Dismiss*** was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record; and copies were furnished by U.S. Mail to counsel who were not provided a copy by the CM/ECF system:

> John Spragens
> SPRAGENS LAW PLC
> 311 22nd Ave. N.
> Nashville, TN 37203
> Ph: (615) 983-8900
> Fax: (615) 682-8533
> john@spragenslaw.com
>
> Elizabeth A. Fegan (admitted pro hac vice)
> FEGAN SCOTT LLC
> 150 S. Wacker Dr., 24th Floor
> Chicago, IL 60606
> Ph: 312.741.1019
> Fax: 312.264.0100
> beth@feganscott.com
>
> Yujin Choi (admitted pro hac vice)
> FEGAN SCOTT LLC
> 2301 Blake Street, Suite 100
> Denver, CO 80205
> Ph: 720.994.8420
> Fax: 312.264.0100
> yujin@feganscott.com
>
> *Attorneys for Plaintiff*

          */s/ Jonathan Cole*
          Jonathan Cole