IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESEE

| | |
|---|---|
| JANE DOE 2, ) | |
| ) | |
| Plaintiff, ) | No.: 3:23-cv-00582 |
| ) | |
| v. ) | |
| ) | Judge Aleta A. Trauger |
| JIMMIE ALLEN, et al. ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISMISS DEFENDANT ALLEN'S COUNTERCLAIM**

## I. INTRODUCTION

Defendant Jimmie Allen ("Allen") erroneously frames Plaintiff's reasoning for dismissal as a "good faith justification or defense" and a question of fact that cannot be resolved by Rule 12(b)(6) motion. Response in Opposition to Motion to Dismiss [ECF 18] ("Def. Resp.") at 4. However, in his Counterclaim for conversion, Allen fails to allege *facts* that plausibly suggest that Plaintiff wrongfully exerted dominion over his cell phone where (i) Allen acknowledges Plaintiff turned over his phone to the police; and (ii) Allen alleges contradictory facts as to whether she had a legitimate right to the video recording contained in the cell phone.[1] Accordingly, Defendant Allen's counterclaim for conversion should be dismissed with prejudice.

---

[1] Answer and Counterclaim [ECF 11] (hereinafter, "CC" shall refer to the Counterclaim of Defendant/Counter-Plaintiff Allen at pages 14-18 of ECF 11) at CC ¶¶ 31, 36.

## II. ARGUMENT

### A. Defendant Allen fails to state a plausible claim for conversion because Plaintiff turned the cellphone over to police.

#### 1. Turning over evidence of a crime to the police need not result in criminal charges or occur immediately.

A conversion is a distinct act of dominion *wrongfully* exerted over another's personal property in denial of, or inconsistent with his title or rights therein, or in derogation, exclusion, or defiance of such title or rights. *Wantz v. Redfield*, 326 P.2d 413, 414 (Nev. 1958) (emphasis added). Defendant simplistically asserts that *Wantz* is inapplicable because "it was a debtor-creditor repossession case," Def. Resp. 6, but ignores that the court held that resorting to legal process for determination of a title in dispute is not conversion. *Wantz*, 323 P.2d at 414 ("Courts exist for the purpose of resolving disputes.").

Defendant cannot and has not alleged facts that Jane Doe 2 wrongfully exerted dominion over his cellphone. Rather, he alleges (i) there are no criminal charges pending against Allen, and (ii) Plaintiff did not immediately turn over the phone to police. The court's analysis in *Stone v. State*, 574 S.W.2d 85, 88-89 (Tex. Crim. App. 1978), is instructive as to why these arguments do not save his claim.

In *Stone*, the babysitter turned over several photographs of suspicious unlawful sexual acts against children to the police, and the court admitted the photographs as evidence because there was no "intent to deprive." *Id.* In reaching that conclusion, the court defined "deprive" as: "to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner." *Id.* at 88 (citing V.T.C.A. Penal Code § 31.03(3)(A) (1978)). The court clearly explained that "[t]he effect of these actions would be to facilitate the return of the property if the police did *not* find them to be evidence of a crime." *Id.* at 88-89 (emphasis added).

2

The same reasoning applies here. Allen alleges that Plaintiff told him she did not consent to the video recording, despite Allen's belief that she did and that she suspected Allen's phone to contain evidence of a crime.[2] CC ¶¶ 31. Therefore, Plaintiff took the phone and turned the phone over to law enforcement. *Id.* ¶¶ 29, 36. The effect of turning the phone to police was to facilitate the return of the police to Allen if the police didn't press charges – not to give it back to Plaintiff. Thus, as a matter of law, this Court should hold that Plaintiff did not intend to deprive Allen of his property and exert wrongful dominion over it.[3] The motion to dismiss should be granted.

### 2. Nevada's public policy and interest in protecting victims of sexual assault is not limited to criminal cases.

Plaintiff is not only a victim of sexual battery by Allen, but also of video voyeurism. While this is not a criminal proceeding, Nevada's public policy protecting victims of sexual assault extends to civil cases. *See, e.g., Doe v. United Airlines, Inc.*, No. 2:17-cv-2825-RFB-NJK, 2018 U.S. Dist. LEXIS 141573, at *6 (D. Nev. Aug. 21, 2018) (the public has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting.); *Sonia F. v. Eighth Judicial Dist. Court*, 215 P.3d 705, 709 (Nev. 2009) (holding that even though the rape shield law Nev. Rev. Stat. § 50.090 does not apply to civil proceedings, sexual assault victims should be protected and thus limited discovery is appropriate to "protect [an alleged sexual assault victim] from annoyance, embarrassment, [or] oppression.").

Even accepting Allen's allegations as true, he has alleged both that the sexual encounter was consensual, and that Plaintiff told him she did not consent to the video recording of such encounter. Allen's counterclaim of conversion is nothing more than harassment and retaliation of

---

[2] Plaintiff contends that Allen engaged in video voyeurism in violation of 18 U.S.C. § 1801, as well as in violation of Nev. Rev. Stat. § 200.604.

[3] Moreover, *Stone* does not stand for the proposition that there is a temporal limit to when the evidence be turned over to the police or that it needs to result in criminal charges.

3

a victim for coming forward and abuse of the judicial process for turning potential evidence of a crime over to law enforcement. Therefore, this Court should grant Plaintiff's motion to dismiss Allen's counterclaim.

### B. The parties dispute Allen's right to the video recording, and thus a claim for conversion is not plausible.

While Parties agree that Allen is the owner of the cell phone itself, Allen alleges that there is a dispute as to whether the video recording was consensual. *Compare* CC ¶ 24 (alleging Plaintiff consented) *with* CC ¶ 31 (alleging Plaintiff told him she did not consent). Where a party alleges contradictory facts, the court need not accept both as true. *Desio v. Russell Rd. Food & Bev., LLC*, No. 2:15-cv-01440-GMN-CWH, 2016 U.S. Dist. LEXIS 123077, at *13-14 (D. Nev. Sept. 9, 2016). For example, in *Desio*, plaintiff employee filed a lawsuit for unpaid wages, and the defendant employer filed a counterclaim for conversion for retaining fees gratuities. In the counterclaim, defendant alleged that the fees and gratuities were their exclusive personal property but also alleged that the parties had an agreement which provided that plaintiff retain such monies. As a result of contradicting allegations regarding rights over the property, the Court dismissed the conversion claim for failure to sufficiently allege a wrongful dominion. *Id.* at *8, *13-14.

Here, like *Desio*, Allen alleges facts that are clearly contradictory regarding legitimate ownership over the video recording of the sexual encounter. *Id.* ¶ 31. As such, pursuant to *Desio*, this Court need not accept as true that the video recording was taken with both Parties' consent. *Desio*, 2016 U.S. Dist. LEXIS 123077, at *13-14. Allen had to allege that he had exclusive rights to both the cell phone and the video recording in order to plausibly plead Plaintiff's wrongful dominion. Allen fails to allege facts to do so. Therefore, the Counterclaim for conversion should be dismissed with prejudice.

### III. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court grant her motion to dismiss Defendant Jimmie Allen's counterclaim with prejudice and grant such other and further relief as this Court deems appropriate.

Dated: August 22, 2023

FEGAN SCOTT LLC

By:/s/ Elizabeth A. Fegan
Elizabeth A. Fegan (admitted pro hac vice)
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph: 312.741.1019
Fax: 312.264.0100
beth@feganscott.com

Yujin Choi (admitted pro hac vice)
FEGAN SCOTT LLC
2301 Blake St., Ste 100,
Denver, CO 80205
Ph: 720.994.8420
Fax: 312.264.0100
yujin@feganscott.com

John Spragens
SPRAGENS LAW PLC
311 22nd Ave. N.
Nashville, TN 37203
Ph: (615) 983-8900
Fax: (615) 682-8533
john@spragenslaw.com

Counsel for Plaintiff

# CERTIFICATE OF SERVICE

I, Elizabeth A. Fegan, an attorney, affirm that Plaintiff's Reply in Support of Motion to Dismiss Defendant Allen's Counterclaim was filed on August 22, 2023 via the CM/ECF System and automatically served to the counsel of record; and copies were furnished by U.S. Mail to counsel who were not provided a copy by the CM/ECF system:

Jonathan Cole, TN BPR No. 016632
Katelyn R. Dwyer, TN BPR No. 039090
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
1600 West End Ave., Suite 2000
Nashville, Tennessee 37203
Telephone: (615) 726-5600
Facsimile: (615) 726-0464
jcole@bakerdonelson.com
kdwyer@bakerdonelson.com

*Attorneys for Defendants Jimmie Allen and Aadyn's Dad Touring, Inc.*

Dated: August 22, 2023

By: /s/ Elizabeth A. Fegan
Elizabeth A. Fegan (admitted *pro hac vice*)
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph: 312.741.1019
Fax: 312.264.0100
beth@feganscott.com