# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

JANE DOE 2,                     )

                             )

            Plaintiff,           )         Civil No.: 3:23-cv-00582

                             )         Judge Trauger

      v.                         )

                             )         JURY DEMAND

JIMMIE ALLEN, et al.,        )

                             )

           Defendants.       )

## INITIAL CASE MANAGEMENT ORDER

A.     JURISDICTION:  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as well as supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

B.     BRIEF THEORIES OF THE PARTIES:

1)     PLAINTIFF:  After meeting Jimmie Allen ("Allen") in Tennessee through Charles Hurd ("Hurd"), employed by Aadyn's Dad Touring, LLC ("ADT"), Plaintiff engaged in electronic communications with Allen, believing that he was separated from his wife. After two months of exchanging romantic dialogue, Plaintiff agreed to meet Allen in Las Vegas, Nevada, but to stay in separate hotel rooms. Upon arrival, Allen and Hurd enticed Plaintiff to come to Allen's hotel room where Allen initiated sex acts, to which Plaintiff initially consented. Soon after, Plaintiff withdrew her consent after Allen declined to use protection, but Allen continued to sexually assault Plaintiff then fell asleep. Devastated by the assault, Plaintiff gathered herself to leave the hotel room, at which point she discovered that Allen surreptitiously video recorded the entire sexual encounter without her consent. Unable to wake up Allen to delete the recording, Plaintiff took Allen's cell phone and turned it over to police as evidence.

As a result, Plaintiff suffered significant damages and brings claims on the following:

assault, battery, invasion of privacy, and intentional infliction of emotional distress against Allen; negligent failure to warn and negligent infliction of emotional distress against ADT and Hurd; and negligent hiring, retention, or supervision against ADT.

C. DEFENDANT JIMMIE ALLEN ("ALLEN"): Allen is a successful country music singer and songwriter. After initially meeting in Nashville and subsequently corresponding via social media, Allen invited Plaintiff to join him for a trip to Las Vegas. Allen and Plaintiff had a consensual sexual encounter which Allen recorded with Plaintiff's express consent. Allen fell asleep immediately after the encounter and awoke to find that Plaintiff had left the room with his cell phone. Allen asked for Plaintiff to return his phone and offered to delete the recording. Plaintiff never returned the phone and continued to contact Allen to request expense reimbursements and concert invites in the months that followed. Allen has multiple affirmative defenses to Plaintiff's tort claims, including consent. Allen has brought a counterclaim against Plaintiff for conversion arising out of her unauthorized taking of his cell phone.

2) DEFENDANT AADYN'S DAD TOURING, LLC ("ADT"): ADT incorporates the statements made in Allen's theory above. Additionally, ADT has multiple affirmative defenses to Plaintiff's tort claims against it, including that ADT did not have knowledge of Hurd's alleged unfitness for the job and that there is no basis for ADT to have respondeat superior liability for Hurd's actions.

D. ISSUES RESOLVED: Jurisdiction and venue.

E. ISSUES STILL IN DISPUTE: Plaintiff has not yet been able to serve Charles Hurd. Also, the parties dispute liability and damages.

F.   INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(10) by **October 16, 2023**.

G.   DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before **June 28, 2024**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

H.   MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before **December 29, 2023**.

I.   DISCLOSURE AND DEPOSITIONS OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **June 28, 2024**. The defendant shall identify and disclose all expert witnesses and reports on or before **August 28, 2024**.

J.   DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before **September 30, 2024**.

K.   JOINT MEDIATION REPORT: The parties will discuss the prospect of engaging in a formal mediation toward the end of fact discovery or earlier, if agreed to. Following this discussion, the parties will file a Joint Mediation Report that informs the court whether they will be mediating and, if so, the name of the mediator and the date scheduled for mediation. The Joint Mediation Report will be filed by **August 1, 2024**.

L.   DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or

before **October 15, 2024**. Responses to dispositive motions shall be filed within twenty one (21) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed <u>20 pages</u>. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

M.     ELECTRONIC DISCOVERY.  The parties will comply with Administrative Order No. 174-1.

N.     ESTIMATED TRIAL TIME:  The Parties expect the trial to last approximately five (5) days.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
U.S. District Judge

4