IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANE DOE 2, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:23-cv-00 582 |
| | ) Judge Aleta A. Trauger |
| JIMMIE ALLEN *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

For the reasons set forth in the accompanying Memorandum, plaintiff Jane Doe 2's Motion to Dismiss [defendant] Jimmie Allen's Counterclaim for Conversion (Doc. No. 15) is **DENIED**.

In addition, the court takes this opportunity to point out that plaintiff Jane Doe 2 has never sought or been granted permission to proceed pseudonymously in this case, and the defendants' failure to object to her proceeding under a pseudonym does not excuse the plaintiff's failure in that regard. Federal Rule of Civil Procedure 10(a) generally requires a pleading to identify "all the parties," and the Sixth Circuit has recognized that, "[o]rdinarily, a plaintiff wishing to proceed anonymously files a protective order that allows him or her to proceed under a pseudonym." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005) (citing *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004)). Moreover, "[f]ailure to seek permission to proceed under a pseudonym [may be] fatal to an anonymous plaintiff's case, because . . . 'the federal courts lack jurisdiction over the unnamed parties . . . .'" *Id.* (quoting *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989)).

Accordingly, if the plaintiff seeks to continue to proceed under a pseudonym, she **MUST** file a motion for a protective order explaining why she believes she should be permitted to do so within **20 DAYS** of entry of this Order.

Second, despite having been directed to do so within 30 days after entry of the Order granting of their counsel's Motion to Withdraw (*see* Doc. No. 25), defendants Allen and ADT have not had substitute counsel enter an appearance on their behalf or filed a notice indicating their intention to represent themselves.[1] These defendants are **DIRECTED** to rectify that omission within **10 DAYS** of entry of this Order.

The Clerk is **DIRECTED** to ensure electronic service of this Order on the defendants' former counsel, to be forwarded to their former clients.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge

---

[1] Allen, as an individual, may choose to represent himself, without an attorney, but ADT, as a corporate entity, must be represented by an attorney to proceed in this court.