IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

> Motion GRANTED as unopposed.

| | |
|---|---|
| JANE DOE 2, | ) |
| Plaintiff, | ) Civil Action No. 3: 2023-cv-00582 |
| v. | ) JUDGE ALETA A. TRAUGER |
| JIMMIE ALLEN, et al., | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE
FIRST AMENDED VERIFIED COMPLAINT**

Plaintiff Jane Doe 2 respectfully requests leave to amend the Complaint and file the First Amended Verified Complaint attached hereto. *See* Ex. A (clean copy of First Amended Verified Complaint), Ex. B (redlined copy of First Amended Verified Complaint). In support thereof, Plaintiff states as follows:

1. On June 9, 2023, Plaintiff filed her Verified Complaint in this matter, asserting claims against Defendant Jimmie Allen for Battery (Count I), Assault (Count II), Invasion of Privacy: Intrusion Upon Seclusion (Count III), and Intentional Infliction of Emotional Distress (Count IV), and against Defendants Aadyn's Dad Touring, Inc. ("ADT") and Charles Hurd for Negligent Failure to Warn (Count V), Negligent Hiring, Retention, or Supervision (Count VI), and Negligent Infliction of Emotional Distress (Count VII). ECF No. 1.

2. On July 13, 2023, Allen and ADT filed an Answer to the First Amended Complaint, and Defendant Allen filed a counterclaim for conversion. ECF No. 11.

3. Two of the bases for Plaintiff's claims included (a) Defendant Allen ejaculated inside of her without pulling out as promised, and (b) Defendant Allen surreptitiously recorded their sexual encounter. *See, e.g.,* Verified Complaint ¶¶ 5, 33-39.

4. In discovery, Defendant Allen produced the surreptitious recording. Accordingly, Plaintiff seeks to conform her allegations to the video. Notwithstanding the factual amendments, Plaintiff continues to assert the same causes of action.

5. Fed. R. Civ. P. 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." Further, Rule 15(b)(1) recognizes that, even during and after trial, a court "should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits."

6. Defendant Allen produced the surreptitiously recorded video during Rule 408 discussions, before which neither Plaintiff nor her counsel had access to the video. Moreover, Defendant Allen first responded to discovery (which had been outstanding since October 2023) on May 2, 2024.

7. Amending the Complaint to conform the allegations to the video will aid in presenting the merits. In fact, courts recognize that, when a video exists, a plaintiff should amend their complaint "to conform with the evidence obtained through discovery." *Gunter v. Gray*, No. 17-4217, 2020 U.S. Dist. LEXIS 135389, *8, n. 2 (D.N.J. July 30, 2020). *See also Little Earth of United Tribes Hous. Corp v. Littleghost*, No. 19-5884, 2020 Minn. Dist. LEXIS 618, *13 (Minn. Dist. Ct. March 2, 2020) (at trial, the referee deemed the complaint "amended to conform to the evidence, and the six events on video … shall be allowed."), *aff'd*, 2021 Minn. Dist. LEXIS 422, *12 (Minn. Dist. Ct. June 19, 2021) (affirming same where the video evidence related to an issue in the case), *aff'd*, 2022 Minn. App. Unpub. LEXIS 146 (affirming same).

8. Discovery is ongoing in this matter. In fact, Defendants did not serve discovery on Plaintiff until May 29, 2024 and Plaintiff's responses are not due until June 28, 2024. Accordingly, Defendants will not be prejudiced in defending on the merits.

9. On June 19 and June 21, 2024, Plaintiff's counsel conferred with Defendant's counsel, who indicated that Defendant opposes this request.

WHEREFORE, Plaintiff respectfully requests that the Court grant her leave to file the First Amended Verified Complaint, and for such other and further relief as this Court deems appropriate.

Dated: June 24, 2024

JANE DOE, Plaintiff

By: */s/ Elizabeth A. Fegan*
Elizabeth A. Fegan (admitted *pro hac vice*)
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph: 312.741.1019
Fax: 312.264.0100
beth@feganscott.com

John Spragens
SPRAGENS LAW PLC
311 22nd Ave. N.
Nashville, TN 37203
Ph: (615) 983-8900
Fax: (615) 682-8533
john@spragenslaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2024 a copy of the foregoing Motion for Leave to File First Amended Verified Complaint was filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record.
.

*/s/ Elizabeth A. Fegan*
Elizabeth A. Fegan