IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JANE DOE 2, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | No. 3:23-cv-00582 |
| ) | |
| JIMMIE ALLEN, AADYN'S DAD ) | JUDGE ALETA A. TRAUGER |
| TOURING, INC., CHARLES HURD ) | |
| and JOHN DOES 1-100, ) | JURY DEMAND |
| ) | |
| Defendants. ) | |

## SECOND AMENDED ANSWER AND COUNTERCLAIM

Defendants Jimmie Allen ("Allen") and Aadyn's Dad Touring, Inc. ("ADT") (collectively, "Defendants") for their answer to the First Amended Complaint filed by Plaintiff Jane Doe 2 state as follows:

### INTRODUCTION

1. Defendants admit that Plaintiff and Allen met on flight to Nashville, Tennessee on May 25, 2022, and that Allen asked Charles Hurd ("Hurd") to ask Plaintiff for her Instagram handle on his behalf. Defendants are without sufficient knowledge or information to either admit or deny the remaining averments contained in Paragraph 1 of the Complaint and, therefore, deny them.

2. Defendants admit that Plaintiff and Allen conversed via phone and social media messages after they met on the flight to Nashville, that Allen told Plaintiff he was separated from his wife, and that Allen joked with Plaintiff about having children with her and about her making a good

stepmother to his children. The remaining averments contained in Paragraph 2 of the Complaint are denied.

3. Defendants admit that Plaintiff agreed to meet Allen in Las Vegas where he was participating in a bowling tournament from approximately June 27, 2022 through July 2, 2022. Defendants are without sufficient knowledge or information to either admit or deny the remaining averments contained in Paragraph 3 of the Complaint and, therefore, deny them.

4. Defendants admit that Plaintiff and Allen discussed the idea of Plaintiff staying in a separate hotel room, but that Plaintiff willingly joined Allen in his hotel room after the bowling event concluded. The remaining averments contained in Paragraph 4 of the Complaint are denied.

5. Defendants admit that Plaintiff and Allen had a consensual sexual encounter in his hotel room, but that Allen did not ejaculate during the encounter. Defendant admits that he fell asleep immediately after, and that Allen awoke to find that Plaintiff had left the room. Defendants also admit that Allen recorded the encounter with Plaintiff's express consent. The remaining averments contained in Paragraph 5 of the Complaint are denied.

6. Defendants are without sufficient knowledge or information to either admit or deny the averments contained in Paragraph 6 of the Complaint and, therefore, deny them.

7. The averments contained in Paragraph 7 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusions of law that require no response. To the extent these averments are deemed to be allegations of fact, Defendants deny them.

8. The averments contained in Paragraph 8 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusions of law that require no response.

9. The averment contained in Paragraph 9 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusions of law that require no response. To

3

Case 3:23-cv-00582    Document 58    Filed 09/19/24    Page 2 of 19 PageID #: 491

the extent these allegations are deemed to be allegations of fact, Defendants do not contest subject matter jurisdiction, but deny that any acts or omissions occurred that support the allegations of the Complaint.

10. The averments contained in Paragraph 10 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusion of law that require no response. To the extent these allegations are deemed to be allegations of fact, Defendants do not contest venue, but deny that any acts or omission occurred that support the allegations of the Complaint.

**PARTIES**

11. The averments contained Paragraph 11 of the Complaint are admitted, upon information and belief.

12. Defendants admit that Allen is a citizen of the United States and is a resident of Brentwood, Tennessee. The remaining averments contained in Paragraph 5 of the Complaint are denied.

13. The averments contained in Paragraph 13 of the Complaint are admitted.

14. The averments contained in Paragraph 14 of the Complaint are admitted, upon information and belief.

15. The averments contained in Paragraph 15 of the Complaint are not factual allegations that require a response, but argument of counsel or conclusions of law that require no response. To the extent these averments are deemed to be allegations of fact, Defendants deny them.

16. Defendants admit that Plaintiff and Allen met on a flight to Nashville, Tennessee on May 25, 2022. Defendants are without sufficient knowledge or information to either admit or deny the remaining averments contained Paragraph 16 of the Complaint and, therefore, deny them.

17. The averments contained in Paragraph 17 of the Complaints are admitted.

18. Defendants admit that Allen asked Hurd to ask Plaintiff for her Instagram handle on his behalf. Defendants are without sufficient knowledge or information to either admit or deny the remaining averments contained in Paragraph 18 of the Complaint and, therefore, deny them.

19. The averments contained in Paragraph 19 of the Complaint are admitted.

20. Defendants admit that Plaintiff and Allen conversed via phone and social media messages after they met on the flight to Nashville, that Allen told Plaintiff he was separated from his wife, and that Allen joked with Plaintiff about having children with her and about her being a good stepmother to his children. The remaining averments contained in Paragraph 20 of the Complaint are denied.

21. Defendants admit that Allen told Plaintiff he was separated from his wife. The remaining averments contained in Paragraph 21 of the Complaint are denied.

22. Defendants admit that after approximately one month of long-distance talking, Plaintiff agreed to meet Allen in Las Vegas, Nevada where he was scheduled to participate in a bowling tournament from approximately June 27, 2022 through July 2, 2022. Defendants also admit that while Plaintiff paid initially paid for her own flight, she sought reimbursement of her travel expenses from Allen approximately one month after the Las Vegas trip. Further, Defendants admit that Plaintiff and Allen discussed the idea of Plaintiff staying in a separate hotel room. The remaining averments contained in Paragraph 22 of the Complaint that are inconsistent with these limited admissions are denied.

23. Defendants are without sufficient knowledge or information to either admit or deny the averments contained in Paragraph 23 of the Complaint and, therefore, deny them.

24. Defendants are without sufficient knowledge or information to either admit or deny the averments contained in Paragraph 24 of the Compliant and, therefore, deny them.

25. The averments contained in Paragraph 25 of the Complaint are denied.

26. Defendants admit that Plaintiff, Hurd, and Allen traveled from his bowling event to Allen's hotel, and that Plaintiff willingly joined Allen and Hurd in Allen's hotel room upon arrival. The remaining averments contained in Paragraph 26 of the Complaint are denied.

27. Defendants admit that Plaintiff willingly joined Allen and Hurd in Allen's hotel room. Defendants are without sufficient knowledge or information to either admit or deny the remaining averments contained in Paragraph 27 of the Complaint and, therefore, deny them.

28. The averments contained in Paragraph 28 of the Complaint are admitted.

29. The averments contained in Paragraph 29 of the Complaint are admitted.

30. The averments contained in Paragraph 30 of the Complaint are denied.

31. Defendants admit that Plaintiff and Allen began kissing on the balcony of Allen's hotel room. Defendants admit that Plaintiff and Allen expressly told Plaintiff he was going inside the hotel room to set up his camera phone at the foot of the bed and that Plaintiff replied, "that's fine." Defendants also admit that Allen reunited on the balcony with Plaintiff a few minutes later before the two went inside and engaged in a consensual sexual encounter. The remaining averments contained in Paragraph 31 of the complaint are denied.

32. The averments contained in Paragraph 32 of the Complaint are admitted.

33. The averments contained in Paragraph 33 of the Complaint are denied.

34. The averments contained in Paragraph 34 of the Complaint are denied.

35. Defendants admit that Allen and Plaintiff had unprotected sex, but that Allen did not ejaculate during the encounter. The remaining averments contained in Paragraph 35 of the Complaint are denied.

36. Defendants admit that Allen fell asleep immediately after the encounter. The remaining averments contained in Paragraph 36 of the Complaint are denied.

37. Defendants are without sufficient knowledge or information to either admit or deny the averments contained in Paragraph 37 of the Complaint and, therefore, deny them.

38. Defendants admit that Allen fell asleep immediately after their encounter. Defendants are without sufficient knowledge or information to either admit or deny the remaining averments contained in Paragraph 38 of the Complaint and, therefore, deny them.

39. Defendants admit that Plaintiff and Allen discussed the idea of Plaintiff staying in a separate hotel room. Defendants also admit that Plaintiff did not receive a key from Allen. Defendants are without sufficient knowledge or information to either admit or deny the remaining averments contained in Paragraph 39 of the Complaint and, therefore, deny them.

40. Defendants admit that Allen's camera phone was positioned on a built-in shelving unit at the foot of the bed and that the camera phone was not concealed in any way. Defendants admit that Plaintiff sat on the bed. Defendants are without sufficient knowledge or information to either admit or deny the remaining averments contained in Paragraph 40 of the Complaint and, therefore, deny them.

41. Defendants deny that Plaintiff did not consent to being recorded. Defendants are without sufficient knowledge or information to either admit or deny the remaining averments contained in Paragraph 41 of the Complaint and, therefore, deny them.

42. Defendants admit Plaintiff stood up from the bed and grabbed the found. Defendants are without sufficient knowledge or information to either admit or deny the averments contained in Paragraph 42 of the Complaint and, therefore, deny them.

43. Defendants are without sufficient knowledge or information to either admit or deny the averments contained in Paragraph 43 of the Complaint and, therefore, deny them.

44. Defendants admit Plaintiff took Allen's camera phone when she left Allen's hotel room. Defendants are without sufficient knowledge or information to either admit or deny the remaining averments contained in Paragraph 44 of the Complaint and, therefore, deny them.

45. Defendants are without sufficient knowledge or information to either admit or deny the averments contained in Paragraph 45 of the Complaint and, therefore, deny them.

46. The averments contained in Paragraph 46 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusions of law that require no response. To the extent these averments are deemed to be allegations of fact, Defendants deny them.

### COUNT I – BATTERY
### (Against Allen)

47. Defendants reaffirm and incorporate their responses to Paragraphs 1 through 46 as if fully set forth herein.

48. The averments contained in Paragraph 48 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusions of law that require no response. To the extent these averments are deemed to be allegations of fact, Allen denies them.

49. The averments contained in Paragraph 49 of the Complaint are denied.

50. The averments contained in Paragraph 50 of the Complaint are denied.

51. The averments contained in Paragraph 51 of the Complaint are denied.

52. The averments contained in Paragraph 52 of the Complaint are denied.

## COUNT II – ASSAULT
### (Against Allen)

53. Defendants reaffirm and incorporate their responses to Paragraphs 1 through 52 as if fully set forth herein.

54. The averments contained in Paragraph 54 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusions of law that require no response. To the extent these averments are deemed to be allegations of fact, Allen denies them.

55. The averments contained in Paragraph 55 of the Complaint are denied.

56. The averments contained in Paragraph 56 of the Complaint are denied.

57. The averments contained in Paragraph 57 of the Complaint are denied.

## COUNT III – INVASION OF PRIVACY: INTRUSIION UPON SECLUSION
### (Against Allen)

58. Defendants reaffirm and incorporate their responses to Paragraphs 1 through 57 as if fully set forth herein.

59. The averments contained in Paragraph 59 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusions of law that require no response. To the extent these averments are deemed to be allegations of fact, Allen denies them.

60. The averments contained in Paragraph 60 of the Complaint are denied.

61. The averments contained in Paragraph 61 of the Complaint are denied.

62. The averments contained in Paragraph 62 of the Complaint are denied.

63. The averments contained in Paragraph 63 of the Complaint are denied.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against Allen)

64. Defendants reaffirm and incorporate their responses to Paragraphs 1 through 63 as if fully set forth herein.

65. The averments contained in Paragraph 65 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusions of law that require no response. To the extent these averments are deemed to be allegations of fact, Allen denies them.

66. The averments contained in Paragraph 66 of the Complaint are denied.

67. The averments contained in Paragraph 67 of the Complaint are denied.

68. The averments contained in Paragraph 68 of the Complaint are denied.

69. The averments contained in Paragraph 69 of the Complaint are denied.

70. The averments contained in Paragraph 70 of the Complaint are denied.

## COUNT V – NEGLIGENT FAILURE TO WARN
### (Against ADT and Hurd)

71. Defendants reaffirm and incorporate their responses to Paragraphs 1 through 70 as if fully set forth herein.

72. The averments contained in Paragraph 72 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusions of law that require no response. To the extent these averments are deemed to be allegations of fact, ADT denies them.

73. ADT is without sufficient knowledge or information to either admit or deny the averments contained in Paragraph 73 of the Complaint and, therefore, denies them.

74. The averments contained in Paragraph 74 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusion of law that requires no response. To the extent these averments are deemed to be allegations of fact, ADT denies them.

75. The averments contained in Paragraph 75 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusion of law that requires no response. To the extent these averments are deemed to be allegations of fact, ADT denies them.

76. The averments contained in Paragraph 76 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusion of law that requires no response. To the extent these averments are deemed to be allegations of fact, ADT denies them.

77. The averments contained in Paragraph 77 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusion of law that requires no response. To the extent these averments are deemed to be allegations of fact, ADT denies them.

78. The averments contained in Paragraph 78 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusion of law that requires no response. To the extent these averments are deemed to be allegations of fact, ADT denies them.

79. The averments contained in Paragraph 79 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusion of law that requires no response. To the extent these averments are deemed to be allegations of fact, ADT denies them.

80. The averments contained in Paragraph 80 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusion of law that requires no response. To the extent these averments are deemed to be allegations of fact, ADT denies them.

81. The averments contained in Paragraph 81 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusion of law that requires no response. To the extent these averments are deemed to be allegations of fact, ADT denies them.

## COUNT VI- NEGLIGENT HIRING, RETENTION, OR SUPERVISION
### (Against ADT)

82. Defendants reaffirm and incorporate their responses to Paragraphs 1 through 81 as if fully set forth herein.

83. The averments contained in Paragraph 83 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusion of law that requires no response. To the extent these averments are deemed to be allegations of fact, ADT denies them.

84. The averments contained in Paragraph 84 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusion of law that requires no response. To the extent these averments are deemed to be allegations of fact, ADT denies them.

85. The averments contained in Paragraph 85 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusion of law that requires no response. To the extent these averments are deemed to be allegations of fact, ADT denies them.

86. The averments contained in Paragraph 86 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusion of law that requires no response. To the extent these averments are deemed to be allegations of fact, ADT denies them.

87. The averments contained in Paragraph 87 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusion of law that requires no response. To the extent these averments are deemed to be allegations of fact, ADT denies them.

**COUNT VII – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(Against ADT and Hurd)**

88. Defendants reaffirm and incorporate their responses to Paragraph 1 through 87 as if fully set forth herein.

89. The averments contained in Paragraph 89 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusion of law that requires no response. To the extent these averments are deemed to be allegations of fact, ADT denies them.

90. The averments contained in Paragraph 90 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusion of law that requires no response. To the extent these averments are deemed to be allegations of fact, ADT denies them.

91. The averments contained in Paragraph 91 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusion of law that requires no response. To the extent these averments are deemed to be allegations of fact, ADT denies them.

92. The averments contained in Paragraph 92 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusion of law that requires no response. To the extent these averments are deemed to be allegations of fact, ADT denies them.

93. The averments contained in Paragraph 93 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusion of law that requires no response. To the extent these averments are deemed to be allegations of fact, ADT denies them.

The unnumbered paragraph following Paragraph 93 is a prayer for relief requiring neither an admission nor a denial by Defendants. To the extent the prayer for relief seeks to create an inference that Defendants engaged in unlawful conduct or that Plaintiff is entitled to any remedy or relief, Defendants deny that Plaintiff is entitled to any of the relief sought therein or that Defendants are liable to Plaintiff to any extent.

94. For further response to the Complaint, Defendant state that any allegations not expressly admitted, denied, or explained herein are hereby expressly denied.

## **AFFIRMATIVE DEFENSES**

Now having fully answered Plaintiff's Complaint, Defendants plead their affirmative defenses in this action as follows:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's Complaint fails to conform with Federal Rule of Civil Procedure 10(a) because it does not state the name of all parties and no special circumstances exist to justify Plaintiff's use of pseudonym.

3. Plaintiff's claim may be barred in whole or part by the application statute of limitation to the extent that Plaintiff relies on actions or omissions that occurred outside of the applicable statute of limitations.

4. Plaintiff is not entitled to recover any damages from Defendants, including, but not limited to, the damages alleged in the Complaint and in the Complaint's prayer for relief.

5. Defendants are not liable for any injured Plaintiff suffered.

6. Defendants deny that Plaintiff suffered any medical or psychological damages as a result of any of the actions alleged in the Complaint.

7. Plaintiff's claims for assault, battery, and invasion of privacy are barred by the doctrine of consent.

8. ADT did not engage in any negligence which caused or contributed to Plaintiff's alleged damages.

9. Allen denies that his conduct was extreme, outrageous, or reckless under circumstances.

10. Plaintiff's claims may be barred in whole or part because Hurd was not ADT's employee.

11. ADT did not have knowledge of Hurd's alleged unfitness for the job.

12. Plaintiff is not entitled to punitive damages against Defendants because Plaintiff cannot show that Defendants' actions were with malice or reckless indifference such that punitive damages would be appropriate under any applicable law.

13. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate her alleged damages.

14. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages, if any, are the result of her own acts or omissions, or the acts or omissions of third parties, such acts or omissions being the sole proximate cause of any alleged damages or, in the alternative, a contributing case of such alleged damages.

15. Plaintiff is not entitled to recovery attorney's fees, costs, or other special exemplary damages in this matter.

16. Plaintiff's claims are barred, in whole or in part, by additional affirmative defenses that may arise during these proceedings. Defendants reserves the right to raise and assert any other affirmative defenses that he has or may have, including, but not limited to, the affirmative defenses set forth in Rule 8 and/or Rule 12 of the Federal Rules of Civil Procedure, and any other matters or defenses, as warranted by further investigation.

WHEREFORE, PREMISES CONSIDERED, having fully answered the Complaint, Defendants pray that this matter be dismissed with prejudice, that all costs be assessed against Plaintiff, that Defendants be awarded their reasonable expenses, including attorney's fees, and that Defendants be granted such other further relief as the Court deems just and appropriate. Alternatively, Defendants demand a trial by jury of twelve persons, or the maximum number of jurors allowed under Federal Rules of Civil Procedure and/or the Local Rules of the Middle District of Tennessee.

## **COUNTERCLAIM**

Defendant/Counter-Plaintiff James Edward Allen II ("Allen") now assumes the role of Counter-Plaintiff and asserts the following Counterclaim against Plaintiff/Counter-Defendant Jane Doe 2. In support, Allen states as follows:

## PARTIES

1. Defendant/Counter-Plaintiff James Edward Allen II ("Allen") is a citizen and resident of Brentwood, Tennessee.

2. Upon information and belief, Plaintiff/Counter-Defendant Jane Doe 2 is a citizen and resident of Sacramento County, California.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2).

## FACTUAL ALLEGATIONS

5. Allen is a successful country music singer and songwriter.

6. Allen first moved to Nashville, Tennessee in 2007 to pursue his music career.

7. Allen's career began to take off when he signed a music publishing deal with WOM in 2016.

8. Shortly thereafter, Allen signed a recording contract with Broken Bow Records' Stoney Creek Records imprint in 2017.

9. Allen also signed a booking contract with United Talen Agency and an artist management contracts with WOM.

10. After his career breakthrough in 2017, Allen began booking consistent projects in music, television, and even professional bowling.

11. On May 25, 2022, Allen met Jane Doe 2 while on a flight to Nashville, Tennessee.

12. Upon important and belief, Jane Doe 2 was visiting Nashville from California.

13. After striking up a conversation during the flight, Allen invited Jane Doe 2 and her friends meet up with him in downtown Nashville later that evening.

14. Jane Doe 2 accepted Allen's offer and met up with him at a downtown Nashville bar called "The Stage on Broadway" ("The Stage").

15. After hanging out at The Stage, Allen and Jane Doe 2 went their separate ways.

16. Jane Doe 2 eventually returned to California, but she and Allen continued to converse via text messages, Instagram messages, and phone calls.

17. Allen was slated to attend a bowling tournament in Las Vegas, Nevada from June 27 through July 2, 2022.

18. Allen invited Jane Doe 2 to meet him in Las Vegas and join him at the tournament. She accepted.

19. Jane Doe 2 flew to Las Vegas with the intention of meeting up with Allen. She initially paid for her own flight.

20. Allen and Jane Doe 2 attended the bowling tournament where they each had approximately two drinks.

21. When Allen and Jane Doe 2 arrived back at Allen's hotel after the tournament, Jane Doe 2 asked Allen what his plan was for her accommodations. Allen replied that she could stay with him, or he could book her a separate room, and offered for her to come up to his room while she thought about what she wanted to do.

22. Jane Doe 2 accepted Allen's invitation and accompanied him to his hotel room.

23. Allen and Jane Doe 2 sat out on the room's balcony and began kissing.

24. After a few minutes but before the encounter escalated further, Allen asked Jane if it was OK for him to set up his camera phone to record their encounter.

25. Jane Doe 2 agreed.

26. Allen left the balcony and set up his camera phone in plain view at the foot of the bed.

27. Allen and Jane Doe 2 began to engage in a consensual sexual encounter in view of the camera phone.

28. Tired from the day's activities, Allen fell asleep before the encounter concluded.

29. When Allen woke up, Jane Doe 2 had left the hotel room with his camera phone.

30. Allen attempted to call Jane Doe 2 with his other cell phone. She did not answer.

31. Allen then tried to text Jane Doe 2. She responded that she did not approve of him recording their encounter. Allen reminded her that she consented to the recording.

32. Jane Doe 2 then demanded the passcode to Allen's camera phone so that she could delete the video from his "Recently Deleted" folder.

33. Allen declined to provide his passcode because the camera phone contained several pieces of confidential personal and business information.

34. Instead, Allen told Jane Doe 2 that if she brought the camera phone back to his hotel room, he would delete the video to her satisfaction.

35. Jane Doe 2 declined Allen's offer to delete the video and, upon information and belief, left Las Vegas to return to California with Allen's camera phone.

36. Upon information and belief, Jane Doe 2 eventually mailed the camera phone to the Las Vegas Police Department.

37. The Las Vegas Police Department returned the camera phone to Allen at the conclusion of its investigation.

38. Approximately one month after their Las Vegas encounter, Jane Doe contacted Allen and requested that he reimburse her for her flight. Allen agreed and sent her the funds via Cash App.

39. Also around this time, Jane Doe 2 contacted Allen requesting an invite to one of his upcoming concerts.

## COUNT I – CONVERSION

40. Allen incorporates each preceding paragraph as if fully stated herein.

41. By taking his camera phone without permission, Jane Doe 2 wrongfully exerted a distinct act of dominion over Allen's personal property.

42. Jane Doe 2's act of dominion over Allen's personal property was in denial of, or inconsistent with, his rights in the personal property or in derogation, exclusion, or defiance of Allen's rights in the personal property.

43. Jane Doe 2's act of dominion over Allen's personal property was not justified or excused in law.

44. Allen has been damaged by Jane Doe 2's act of dominion over his personal property.

WHEREFORE, Defendant/Counter-Plaintiff James Edward Allen II respectfully requests that this Court award him the following relief:

(a) An award of compensatory damages against Plaintiff/Counter-Defendant Jane Doe 2 for her wrongful conduct as referenced above;

(b) An award of punitive damages against Plaintiff/Counter-Defendant Jane Doe 2 for her intentional, malicious, fraudulent, and/or reckless conduct;

(c) Grant Defendants a trial by jury on all applicable claims;

(d) Attorney's fees;

(e) Prejudgment and post judgment interest;

(f) Costs and expenses; and

(g) Such other relief as may be just and appropriate.

Respectfully submitted,

**BRASSEL LAW PLLC**

By: */s/Alandis Kyle Brassel*
Alandis Kyle Brassel (TN BPR No. 034159)
501 Union Street, Suite 545, PMB 34226
Nashville, TN 37203
Phone: (615) 258-8900
Fax: (615) 237-2451
Email: alandis@brassel.law
*Attorney for Defendants Jimmie Allen and Aadyn's Dad Touring, Inc.*