IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JANE DOE 2, | ) |
| Plaintiff, | ) ) ) |
| V. | ) No. 3:23-cv-00582 |
| JIMMIE ALLEN, AADYN'S DAD TOURING, INC., CHARLES HURD and JOHN DOES 1-100, | ) JUDGE ALETA A. TRAUGER ) ) JURY DEMAND ) |
| Defendants. | ) ) |

**DEFENDANT ALLEN'S RESPONSE TO PLAINTIFF'S MOTION
FOR AN AWARD OF COSTS**

Defendant Jimmie Allen respectfully moves this Court to deny Plaintiff's Motion for an Award of Costs (Plaintiff's Motion). In support thereof, Defendant states as follows:

1. For the purposes of judicial economy, Defendant does not generally take issue with Plaintiff's statement of the facts in Paragraphs 1-10 of Plaintiff's Motion. [ECF No. 71.]

2. Paragraph 11 of Plaintiff's Motion, however, falsely characterizes the events around why Defense counsel sought to reschedule the mediation in question. Defendant Allen now faces considerable economic hardships as a result of this litigation (and the now dismissed twin case of Jane Doe I). In an effort to be able to maintain legal representation in this case Defendant Allen was compelled to seek *pro bono* counsel from Counsel Robert Housman ("*pro bono* counsel"). To enable *pro bono* counsel to participate in this case, Defendant's local counsel was required by this Court's rules to seek *pro hac* admission for *pro bono* counsel. [ECF No. 71.] The Court granted that motion on Feb. 10, 2025. [ECF. 73.] The time required for that motion to be properly

filed and subsequently granted by this Court meant that defense team could not possibly be prepared to effectively participate at the mediation when it was initially scheduled on January 13, 2025. As a result, defense counsel deemed it necessary to seek to reschedule the mediation. Which is to say, this delay was not, as Plaintiff falsely avers, "part of a continued pattern of delay and neglect, which Plaintiff has previously brought to the Court's attention." Plaintiff's Motion at para. 11, ECF No. 71.

3. On Feb. 17, 2025, *pro bono* counsel emailed opposing counsel asking to discuss the case, to include this mediation issue. Housman Decl. at para. 2. Counsel Fegan's office emailed Housman back the following day and a call was set for Feb. 20, 2025, at 3 PM EST. Housman Decl. at para. 3. At 1:21 PM EST, Counsel Housman received an email canceling the call. Housman Decl. at para. 4.

4. In a subsequent email exchange, the call was rescheduled to Feb. 21, 2025 at 2 PM EST. Housman Decl. at para. 6.

5. At 2 PM EST, Counsel Housman joined the call using the Zoom invited link sent by Counsel Fegan's office. Housman Decl. at para. 6. When Counsel Fegan did not join the call, Counsel Housman dropped off the line at 2:05 PM EST. Housman Decl. at para. 6.

6. Defendant does not aver that Plaintiff's cancellation and "no show" had some nefarious purpose. Likewise, Defendant's need to move the scheduled mediation date back likewise had no illicit purpose.

7. Even more to point, LR 7.01.a.1 requires a movant to meet and confer with "all other counsel" before filing such a motion and any such motion filed must declare that this meet and confer requirement was met prior to the filing. See LR 7.01.a.1. In instances where a movant attempted to meet and confer but was for some reason unable, LR 7.01.a.1 requires that the motion

must "describe all attempts made to confer with other counsel and the results of such attempts." See LR 7.01.a.1.

8. Plaintiff's Motion does not include a declaration that a meet and confer was held as to that motion. See, generally, ECF No. 71. Nor does Plaintiff's Motion state what efforts to meet and confer were made and to what ends. Id. These declarations are lacking because Defendant Allen's counsel was never even contacted to schedule a meet and confer. As a result of that failing by Plaintiff's counsel, no such meet and confer was ever held.

9. Indeed, the only effort to discuss this issue was undertaken by Defendant's counsel—only to be frustrated by Plaintiff's counsel.

10. Pursuant to LR 7.01.a.1 Plaintiff's motion was improperly filed and should be denied by the Court.

11. Moreover, Plaintiff's Motion is made pursuant to 28 U.S. Code §1927, which provides "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S. Code §1927 (emphasis added).

12. The facts as set out above regarding Defendant's need to reschedule the mediation do not meet the standard set out in Section 1927. Defendant rescheduling a mediation because he cannot afford to continue without *pro bono* counsel, along with the fact that *pro bono* counsel must be admitted *pro hac* by the Court was neither unreasonable nor vexatious.

13. Moreover, Movant bears the burden of proof that Defendant's conduct was unreasonable and vexatious. See, e.g., New England Surfaces v. E. I. Dupont de Nemours Co., 558 F. Supp. 2d 116, 124 (D. Me. 2008) ("The party requesting § 1927 sanctions bears the burden to show that an

3

attorney's conduct was 'more severe than mere negligence, inadvertence, or incompetence.'") citing United States ex rel. J. Cooper Assoc., Inc. v. Bernard Hodes Group, Inc., 422 F. Supp. 2d 225, 237 n. 16 (D.D.C. 2006); Walker v. City of Bogalusa, 1997 WL 736695, at *3 (E.D. La. Nov. 25, 1997); Asia Strategic Inv. Alliances, Ltd. v. Gen'l Elec. Capital Servs., 1997 WL 2'77309, at *2 (D. Kan. May 15, 1997).

14. Apart from Plaintiff's bald-faced assertion that Defendant's conduct falls within Section 1927, Plaintiff's Motion provides no legal authority nor factual proof of bad motive to justify the award sought under Section 1927. See, generally, ECF No. 71. Indeed, the facts here prove quite the opposite. Defendant's actions were reasonable under the circumstances and in the long run—by ensuring Defendant maintained representation—served judicial economy.

WHEREFORE, Defendant respectfully requests that this Court deny Plaintiff's motion.

Dated: February 21, 2025

        Respectfully submitted,

        **ROBERT HOUSMAN**

    By: */s/Robert Housman*
        Robert Housman (admitted *pro hac vice*)
        9001 Clifford Ave
        Chevy Chase, MD 20815
        Phone: (202) 486-5874
        Fax: (615) 237-2451
        Email: rhousman@bookhillpartners.com
        *Counsel for Defendants Jimmie Allen and Aadyn's Dad Touring, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing **Response** was filed electronically with the Clerk of this Court using the Court's CM/ECF system, which will send a notice of electronic filing to counsel of record:

| | |
|---|---|
| Elizabeth A. Fegan (admitted *pro hac vice*)<br>FEGAN SCOTT, LLC<br>150 S. Wacker Dr., 24th Floor<br>Chicago, IL 60606<br>beth@feganscott.com | Alandis Brassel<br>BRASSEL LAW, PLLC<br>4235 Hillsboro Pike, Suite 300 #615<br>Nashville, TN 37215<br>alandis@brassel.law |
| John Spragens<br>SPRAGENS LAW PLC<br>311 22nd Ave. N.<br>Nashville, TN 37203<br>john@spragenslaw.com | *Local Counsel for Defendants* |

*Attorneys for Plaintiff*

on this 21st day of February 2025.

                                            */s/Robert Housman*
                                            Robert Housman
                                            *Attorney for Defendants Jimmie Allen and Aadyn's Dad Touring, Inc.*