IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANE DOE 2, | ) |
| Plaintiff, | ) Civil Action No. 3: 2023-cv-00582 |
| v. | ) |
| JIMMIE ALLEN, AADYN'S DAD TOURING, INC., CHARLES HURD, and JOHN DOES 1-100, | ) JUDGE ALETA A. TRAUGER |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR SANCTIONS AND JUDGMENT AGAINST
DEFENDANTS JIMMIE ALLEN AND AADYN'S DAD TOURING, INC.**

**I.     INTRODUCTION**

Defendants Jimmie Allen and Aadyn's Dad Touring, Inc. (collectively, Defendants) have not complied with this Court's March 3, 2025 Order requiring the appearance of replacement local counsel and the payment to Plaintiff's counsel for the costs of non-refundable mediation fees. [ECF 80]. Defendants' failure to follow this Court's March Order follows its non-compliance with Scheduling Orders and discovery obligations, resulting in the dismissal of Defendant Allen's counterclaim.

While Plaintiff recognizes that judgment against Defendants is a drastic sanction, it is warranted here where: (i) Defendants have not complied with multiple Court Orders, issuing a litany of excuses but failing to seek relief from the Court and thus evincing bad faith; (ii) Plaintiff has been prejudiced, which is multiplied given the parties are just 30 days until trial; (iii) Defendants have been on notice of risk of judgment both through this Court's prior orders and

Plaintiff's multiple motions seeking court intervention; and (iv) a less drastic sanction is not likely to compel compliance, given that this Court has already dismissed Defendant Allen's counterclaim when he failed to produce his cellphone and Defendants have ignored this Court's Orders to replace counsel and pay costs.

Plaintiff thus respectfully requests that this Court enter judgment against Defendants and, in the interim, suspend the trial date and impending pre-trial deadlines.

## II.     BACKGROUND

**A.  Defendants have not complied with this Court's March 3, 2025 Order.**

On March 3, 2025, this Court granted Plaintiff's Motion for an Award of Costs against Defendants [ECF 72], ordering Defendants to pay Plaintiff the costs of the non-refundable mediation fees ($5,950) within 60 days. [ECF 80]. To date, Defendants have not done so.[1]

In its March 3rd Order, this Court also ordered Defendants to have new local counsel enter an appearance of record within 14 days. *Id.* This Court so ordered because Defendants' current local counsel advised the Court during the March 3, 2025 telephonic conference that he no longer resided in Tennessee and intended to close his law practice. These representations were consistent

---

[1] Declaration of Elizabeth A. Fegan ("Fegan Decl."), ¶ 52. While Defendants' counsel claims that payment will be made on May 27, 2025, the failure to seek an extension from the Court and the prejudice to Plaintiff from costs that could have otherwise been used to prepare for trial demonstrate Defendants' willfulness.

with representations that Mr. Brassel had been making to Plaintiff since late 2024. Yet, as of today, Defendants have not caused new local counsel to enter an appearance.

**B. Defendants have not complied with this Court's Scheduling and Discovery Orders.**

Plaintiff has conferred extensively with Defendants' former and current counsel since the inception of this case, but Defendants have not met Court-ordered deadlines even when extended.[2]

On October 2, 2023, the Court entered an Initial Case Management Order setting deadlines for discovery and pre-trial motions. [ECF 21]. In particular, written discovery was required to be served and all fact witness depositions held by June 28, 2024.

Despite serving written discovery and requesting dates for Defendant Allen's deposition, written discovery was not completed and Defendant never provided dates for his deposition. In 2023, Defendants' former counsel claimed that the failure to provide discovery was due to Allen's schedule.[3] In the first quarter of 2024, Defendants' new counsel blamed Defendants' former counsel.[4] In the second quarter of 2024, Defendants' counsel claimed that the lack of discovery responses was due to Allen's busy schedule, but that he intended to respond.[5] In the latter half of 2024, Defendants' counsel blamed a personal health issue, and then advised he intended to close his practice.[6] Defendants' most-recent counsel has promised on several occasions to provide

---

[2] *See generally* Fegan Decl.
[3] Fegan Decl., ¶¶ 5, 6.
[4] Fegan Decl., ¶ 18.
[5] Fegan Decl., ¶ 27.
[6] Fegan Decl., ¶ 35.

3

certain outstanding financial discovery, but has yet to do so.[7] Moreover, despite multiple requests, Defendant never sat for his deposition.[8]

Throughout, Plaintiffs' counsel has attempted to accommodate the ever-changing reasons why Defendants needed more time. For example, the parties jointly sought a schedule extension in June 2024. [ECF 35]. On June 14, 2024, this Court granted the joint motion, which adopted the parties' schedule setting August 28, 2024 as the deadline for fact discovery and disclosure of Plaintiff's experts. [ECF 37].

Then, Defendants' counsel disclosed to Plaintiff's counsel that he had faced a personal health issue further impeding discovery and Plaintiff's counsel agreed not to object to another extension.[9] However, when Defendants' counsel failed to request any extensions, Plaintiff was forced to expend time and resources to bring these issues to the Court's attention. [ECFs 42, 43]. Ultimately, this Court dismissed Defendant's Counterclaim for failure to produce the cellphone he used to record intimate sexual acts with Plaintiff. [ECF 69].

The only depositions taken in this case have been by Plaintiff's counsel: on September 20, 24, and 27, 2024, Plaintiff's counsel deposed three witnesses to events contemporaneous to Defendant Allen's recordings of the intimate sex acts and, on October 21, 2024, Plaintiff's trauma counselor. Despite the fact that Plaintiff provided dates for her deposition and this Court granted

---

[7] Fegan Decl., ¶ 24.
[8] Fegan Decl., ¶¶ 32, 44.
[9] Fegan Decl., ¶ 35.

Defendants an extension of the schedule to take her deposition, Defendants never did.[10] Also, despite Plaintiff requesting dates for Defendant's deposition, he never provided any.[11]

Trial is scheduled for June, 2025. However, without the appearance of new local counsel, the payment of Court-ordered fees, or compliance with outstanding discovery, Defendants have obstructed litigation of this matter on the merits and sanctions in the form of judgment are warranted.

### III. ARGUMENT

#### A. Legal Standard

Federal Rule of Civil Procedure 16(f) "authorizes courts to issue 'just orders,' including the sanctions listed in Rule 37(b), for failure to follow a scheduling or other pretrial order." *Prime Rate Premium Fin. Corp. v. Larson*, 930 F.3d 759, 767 (6th Cir. 2019) (citing Fed. R. Civ. P. 37(b)(2)(A)(vi)). The Sixth Circuit has set forth the following four factors to be considered in deciding whether default judgment is a proper sanction for a party's failure to comply with court orders: (1) whether the party's failure to comply is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's failure to abide by court orders; (3) whether the party subject to the default was warned that failure to cooperate could lead to default; and (4) whether less dramatic sanctions were imposed or considered before default was ordered. *KCI USA, Inc. v. Healthcare Essentials, Inc.*, 801 F. App'x 928, 934 (6th Cir. 2020);

---

[10] Fegan Decl.
[11] Fegan Decl. ¶¶ 32, 44.

*Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 769 (6th Cir. 2019); *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008).

**B. Defendants' failure to comply with this Court's Orders is willful.**

The first factor – bad faith – is clearly demonstrated here. Defendants have not complied with this Court's Orders, have failed to seek extensions of deadlines or other relief, and have stacked excuses resulting in the truth being buried.

First, a district court may sanction parties with entry of default judgment for failure to comply with a court order requiring the appearance of new counsel. *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1310 (2d Cir. 1991) (affirming the entry of default against "a recalcitrant party who failed to comply with its order to obtain counsel"). The "failure to obtain counsel constitutes willfulness, bad faith, or fault due to [Defendants'] 'reckless disregard for the effect of [its] conduct on [the] proceedings.'" *Kova Bristol Tenn. 1894, LLC v. Bristol Pres., LLC*, 2020 U.S. Dist. LEXIS 264537, at *3 (E.D. Tenn. July 8, 2020) (quoting *Wu v. T.W. Wang, Inc*., 420 F.3d 641, 643 (6th Cir. 2005)).

Here, this Court entered an Order requiring the appearance of local counsel by March 17, 2025. This Court's Order followed Mr. Brassel's disclosures during the March 3, 2025 telephonic conference that he no longer lived in Tennessee, and that he canceled the January mediation last minute because he was closing his law practice. Despite the Court's Order and their failure to follow it, Defendants have not requested that this Court vacate the order or extend the deadline for counsel to appear. Defendants' failure to act is in bad faith particularly given that trial is just one month away. *Kova Bristol Tenn. 1894*, 2020 U.S. Dist. LEXIS 264537, at *3. The failure to have new local counsel appear alone warrants judgment.

Second, a district court may also sanction parties with entry of default judgment for failure to comply with discovery orders. Fed. R. Civ. P. 37(b)(2)(A)(vi). *KCI USA, Inc*., 801 F. App'x at

933. The failure of Defendants to respond to outstanding discovery, including the production of relevant financial documents and the cellphone (from which Plaintiff could determine whether and to whom the recording of sex acts was sent),[12] demonstrates that Defendants acted in bad faith despite extensions and ample opportunity to comply. While Defendants have made a litany of excuses – from busy schedules to a carousel of counsel – Defendants "offer[] no serious argument that [they were] incapable of complying" and thus should be "fairly assessed [] as acting in willful bad faith." *KCI USA, Inc.*, 801 F. App'x at 935. The first factor thus weighs in favor of judgment for Plaintiff.

### C. Plaintiff was and continues to be prejudiced by Defendant's non-compliance with Court Orders.

First, without replacement of local counsel just one month before trial, it is unclear whether this case is proceeding to trial. Despite this Court's March Order, Defendants have neither had new local counsel file an appearance nor requested an extension.

Second, Plaintiff has been prejudiced by the payment of non-refundable mediation fees that could have instead been spent on preparing this case for trial. Defendants' failure to comply with this Court's March Order – and again their failure to request an extension from this Court to pay the fees – has prejudiced Plaintiff.

Moreover, Defendants' failure to comply with this Court's scheduling orders and failure to produce relevant information "deprived [Plaintiff] of the information [she] was entitled to receive and caused this case to linger long past its due end. '[I]t is in cases like this one, where the obstruction prevented the other party from accessing evidence needed to bring the case, that default is most likely to be the appropriate sanction.'" *Id.* at 935 (quoting *Mack*, 270 F. App'x at 378).

---

[12] *See* Fegan Decl. ¶ 45.

Moreover, Plaintiff has "'waste[d] time, money, and effort in pursuit of cooperation which [Defendants were] legally obligated to provide.'" *Kova Bristol Tenn. 1894*, 2020 U.S. Dist. LEXIS 264537, at *4 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). The second factor thus weighs in favor of judgment for Plaintiff.

### D. Defendants were on notice of the increasing nature of the Court's sanctions.

The third and fourth factors also weigh in favor of judgment. This Court has been measured in its orders where Defendants' bad faith has been on display. This Court has granted extensions based on Defendants' counsel's representations in an attempt to accommodate a trial on the merits. The Court dismissed Defendant's counterclaim after giving him ample opportunity to produce his cellphone. And this Court gave Defendants sufficient time to replace their local counsel and to pay Plaintiff's fees. There are no alternative sanctions to judgment that this Court has not already attempted – e.g., extensions, discovery orders, the payment of costs, and the replacement of counsel. There is no reason to believe that entering similar orders would magically now result in Defendants' compliance.

Plaintiff's series of motions have also put Defendants on notice of the possibility of default judgment. *See Harmon*, 110 F.3d at 368; *see also Kova Bristol Tenn. 1894*, 2020 U.S. Dist. LEXIS 264537, at *4 ("Defendant's Motion to Dismiss for Failure to Prosecute, which Plaintiff failed to respond to, also placed Plaintiff on notice of the possibility of dismissal"). "[F]inally, lesser sanctions had been considered, and, indeed, imposed. In light of the defendants' conduct, it is not possible for the court to conceive of any other fair way to bring this matter to a close other than

8

Case 3:23-cv-00582 Document 81-1 Filed 05/27/25 Page 8 of 10 PageID #: 577

through the entry of a default judgment." *Smith v. MPIRE Holdings, LLC*, 2011 U.S. Dist. LEXIS 110223, at *16 (M.D. Tenn. Sept. 26, 2011).

WHEREFORE, Plaintiff Jane Doe respectfully requests that this Court grant her motion for sanctions, enter judgment against Jimmie Allen and Aadyn's Dad Touring, Inc., and set a deadline for Plaintiff to submit her proof of damages.

Dated: May 27, 2025

*Counsel for Plaintiff:*

/s/ Elizabeth A. Fegan
Elizabeth A. Fegan (admitted *pro hac vice*)
FEGAN SCOTT LLC
150 S. Wacker Drive, 24th Floor
Chicago, IL 60606
(312) 264-0100
beth@feganscott.com

John T. Spragens (BPR # 31445)
SPRAGENS LAW PLC
311 22nd Ave. N.
Nashville, TN 37203
(615) 983-8900
john@spragenslaw.com

## CERTIFICATE OF SERVICE

I, Elizabeth A. Fegan, an attorney, caused the foregoing to be filed on May 27, 2025 via the Court's electronic filing system which will serve all counsel of record, including:

Alandis K. Brassel (BPR # 34159)
BRASSEL LAW PLLC
1033 Demonbreun Street, Suite 300
Nashville, TN 37203
(615) 258-8900
alandis@brassel.law

Robert Housman (admitted *pro hac vice*)
9001 Clifford Ave
Chevy Chase, MD 20815
(202) 486-5874
rhousman@bookhillpartners.com

*Counsel for Defendants Jimmie Allen and Aadyn's Dad Touring, Inc.*

By: */s/ Elizabeth A. Fegan*