**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| JANE DOE 2, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 2023-cv-00582 |
| | ) | |
| v. | ) | |
| | ) | |
| JIMMIE ALLEN, AADYN'S DAD | ) | JUDGE ALETA A. TRAUGER |
| TOURING, INC., CHARLES HURD, and | ) | |
| JOHN DOES 1-100, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DECLARATION OF ELIZABETH A. FEGAN IN SUPPORT OF PLAINTIFF'S
MOTION FOR SANCTIONS AND JUDGMENT AGAINST DEFENDANTS JIMMIE
ALLEN AND AADYN'S DAD TOURING, INC.**

I, Elizabeth A. Fegan, declare as follows:

1. I am a Managing Member of Fegan Scott LLC and counsel for Plaintiff in this case. I have full knowledge of the matters stated herein.

2. On July 13, 2023, lawyers Jonathan Cole and Katelyn Dwyer from Baker Donelson Bearman Caldwell & Berkowitz, P.C. ("Defendants' Former Counsel") appeared as Defendant Allen's and ADT's counsel of record.

3. On July 18, 2023, I attended a meet and confer with Defendants' Former Counsel to discuss sources of ESI to be preserved and collected by the parties. I advised that Plaintiff had identified several phone numbers and email addresses of Allen that need to be preserved and collected, among others.

4. On July 19, 2023, I provided Defendants' Former Counsel by email a list of Allen's ESI sources to be preserved and collected for production, including four phone numbers and three

email addresses, with the caveat that Allen likely had numerous additional phone numbers, email addresses, and aliases. A true and correct copy of my July 19, 2023 email is attached as Ex. A. I also noted that information had been deleted or removed from public view on Allen's social media and requested that Defendants' Former Counsel confirm it had been preserved.

5.    On October 2, 2023, I met with Defendants' Former Counsel at the courthouse before the Initial Case Management Conference. While waiting for the conference to begin, I inquired of Defendants' Former Counsel as to the status of collection and preservation of Allen's ESI and the methods for searching and identification of relevant documents. Defendants' Former Counsel responded that they had not yet had the opportunity to collect any information as Allen was very busy.

6.    On October 16, 2023, I met and conferred with Defendants' Former Counsel seeking to further the parties' ESI discussions in accordance with Administrative Order 174-1. Defendants' Former Counsel indicated that they were not in the position to discuss ESI during this meeting because they had not yet had a conversation with Allen or collected documents from him.

7.    On October 16, 2023, I served Plaintiff's First Requests for Production to Defendants Jimmie Allen and ADT. A true and correct copy of Plaintiff's First Requests for Production to Defendants Jimmie Allen and ADT is attached as Ex. B.

8.    On October 16, 2023, I served Plaintiff's First Set of Interrogatories to Defendants Jimmie Allen and ADT. A true and correct copy of Plaintiff's First Set of Interrogatories to Defendants Jimmie Allen and ADT is attached as Ex. C.

9.    On October 25, 2023, I served Plaintiff's Second Requests for Production to Defendant Jimmie Allen. A true and correct copy of Plaintiff's Second Requests for Production to Defendant Jimmie Allen is attached as Ex. D.

10.     In November 2023, Defendants' Former Counsel requested a 30-day extension on the responses to the first and second set of discovery requests, to which I agreed.

11.     On December 19, 2023, at my direction, Yujin Choi, an associate attorney, requested a meet and confer with all parties to discuss the status of discovery and scheduling.

12.     On December 20, 2023, in response to this request, Defendants' Former Counsel advised that they would be moving to withdraw and that the substitute counsel was not yet known.

13.     On December 21, 2023, Defendants' Former Counsel filed motions to withdraw [ECF 23, 24], which were granted on December 28, 2023 [ECF 25].

14.     Prior to withdrawal, Defendants' Former Counsel did not serve any responses to the pending first and second set of discovery requests.

15.     Alandis Brassel, Esq. filed an appearance for Allen and ADT on January 30, 2024. [ECF 26].

16.     That same day, January 30, 2024, I sent Mr. Brassel an email requesting a meet and confer regarding outstanding discovery and scheduling.

17.     I met with Mr. Brassel on February 6, 2024, and reviewed the discovery to which Allen had not yet responded.  I also sent Mr. Brassel an email pursuant to Administrative Order 174-1. A true and correct copy of my February 6, 2024 email is attached as Ex. E.

18.     On February 17, 2024, Mr. Brassel sent me an email, explaining that the delays in responding to discovery were not Defendant Allen's fault but instead resulted from delays in transfer of information to him from Defendants' Former Counsel. A true and correct copy of the February 17, 2024 email is attached as Ex. F.

19.     On February 20, 2024, I met and conferred with Mr. Brassel regarding the outstanding discovery issues.   Mr. Brassel explained that he was originally retained as local

counsel, and separate counsel was supposed to file an appearance and be primarily responsible for defending Allen and ADT. Since this other counsel never filed an appearance, Mr. Brassel indicated he would need additional time to review documents and work with his client to respond to discovery.

20.     In late February and March 2024, the parties engaged in settlement discussions but were not successful in reaching a resolution. During these Rule 408 discussions, Defendant Allen shared one video with Plaintiff but did not serve responses to the outstanding discovery requests.

21.     During this time, I also sent Mr. Brassel several requests for addresses of witnesses identified in Allen's Rule 26(a) disclosures, which he provided.

22.     On March 15, 2024, Mr. Brassel sent me an email, requesting Word versions of the outstanding discovery requests to ADT and Allen so that he could prepare responses. I provided the Word versions on that same day. A true and correct copy of our March 15, 2024 email exchange is attached as Ex. G.

23.     On April 17, 2024, I sent Mr. Brassel an email requesting a meet and confer and advising that Plaintiff intended to file a motion to compel "given Mr. Allen's otherwise complete lack of response to discovery since October…." A true and correct copy of the April 17, 2024 email is attached as Ex. H.

24.     In response, Mr. Brassel promised responses to the outstanding discovery by April 26, 2024. A true and correct copy of the April 18, 2024 email is attached as Ex. I.

25.     On April 29, 2024, Mr. Brassel served responses to the First RFPs, but stated that responses to the Second RFPs would come by separate email. A true and correct copy of the April 29, 2024 email is attached as Ex. J. Responses to the Second RFPs have never been served.

26.     On May 2, 2024, Mr. Brassel served responses to the First Set of Interrogatories.

4

27.     On June 7, 2024, the parties conferred regarding Allen's outstanding discovery responses and the current schedule, and agreed to jointly seek an extension to allow Mr. Allen time to complete written discovery before depositions occurred.  Mr. Brassel represented that the tardiness of the responses was due to Allen's schedule and availability, but that he would work to get his client's attention.

28.     Based on defense counsel's representations, on June 13, 2024, the parties filed a Joint Motion For Extension of Discovery and Case Deadlines. [ECF 35]. On June 14, 2024, this Court granted the joint motion, which adopted the parties' schedule setting August 28, 2024 as the deadline for fact discovery and disclosure of Plaintiffs' experts. [ECF 36].

29.     On June 19, 2024, I sent an email to Mr. Brassel outlining the deficiencies in Defendants' responses to the First RFPs and First Set of Interrogatories and requested a response within seven (7) days. A true and correct copy of the June 19, 2024 email is attached as Ex. K.

30.     Mr. Brassel confirmed receipt and stated that he would respond within the requested seven-day timeframe. *Id.*

31.     On June 24, 2024, Plaintiff served her Third Set of Requests for Production of Documents and Authorizations for Release of Information. A true and correct copy of the Third Set of Requests for Production of Documents and Authorizations for Release of Information is attached as Ex. L.

32.     On August 1, 2024, I sent an email to Mr. Brassel seeking dates for Defendant Allen's deposition. A true and correct copy of the August 1, 2024 email is attached as Ex. M.

33.     On August 3, 2024, I sent an email to Mr. Brassel because he never responded to my June 19, 2024 email concerning Defendants' responses to the First RFPs and First Set of Interrogatories, and requested a meet and confer. A true and correct copy of the August 3, 2024

5

email is attached as Ex. N.

34.     Defendant's counsel responded with his availability on August 5, 2024, and we conferred on August 14, 2024.

35.     During the Wednesday, August 14, 2024 conference, Mr. Brassel shared that he was facing a personal health issue, and stated that the delays in discovery were due to his personal situation and not due to his clients' actions. He requested that I agree to an extension of the discovery and expert disclosure schedule.

36.     I agreed to an undefined extension out of professional courtesy; however, I expressed my concern that we needed to move quickly given the upcoming discovery deadline and expert disclosure deadline. Mr. Brassel stated that he would send a proposed schedule and motion for extension to me by Friday, August 16, 2024.

37.     On Monday, August 19, 2024, I sent an email to Mr. Brassel because I had not received a proposed schedule extension. A true and correct copy of the August 19, 2024 email is attached as Ex. O.

38.     On Wednesday, August 21, 2024, I sent an email to Mr. Brassel because I had not received a proposed schedule extension or response to my follow up. A true and correct copy of the August 21, 2024 email is attached as Ex. P.

39.     On Monday, August, 26, 2024 – two days before the deadline for discovery and Plaintiff's expert disclosures, I sent another email to Mr. Brassel because I had not received a proposed schedule extension or response to my follow up. A true and correct copy of the August 26, 2024 email exchange is attached as Ex. Q.

40.     On August 26, 2024, Mr. Brassel sent an email, stating he would have a draft motion by the close of business on August 27, 2024. However, I responded that a draft on the eve

6

of Plaintiff's deadline for expert disclosures was too late. *Id.* Also, given the pattern of delay, I was very concerned that the deadline would pass without further follow up.

41.     On August 27, 2024, Plaintiff filed her Motion for Dismissal of Defendant Jimmie Allen's Counterclaim for Want of Prosecution or Alternatively for an Order Precluding Evidence. [ECF 43].

42.     Only then, on September 11, 2024, did Defendants move for an extension of discovery deadlines, citing Mr. Brassel's health issues and acknowledging that "discovery has been significantly delayed," Defendants' responses to written discovery were overdue, and Defendant had not yet been deposed. ECF 47, p. 1.

43.     On September 12, 2024, this Court granted Defendants' request for an extension. ECF 49.

44.     Notwithstanding, since September 12, 2024, Defendant Allen did not provide any dates for his deposition or produce the missing documents in response to her Second Requests for Production of Documents, as identified in Motion for Dismissal. ECF 43, pp. 1-2.

45.     While this Court denied Plaintiff's motion for dismissal of the Counterclaim for lack of prosecution, ECF 51, this Court subsequently entered an Order on October 25, 2024, ordering Defendant Allen to produce his missing cellphone by November 22, 2025. ECF 63. He did not, and this Court dismissed the Counterclaim with prejudice on December 5, 2024. ECF 69.

46.     Pursuant to this Court's Case Management Orders (ECFs 21, 69), on December 19, 2024, the parties confirmed January 13, 2025 as the date they would mediate this case with a third-party neutral.

47.     Fegan Scott LLC paid Plaintiff's portion of the mediation fees in the amount of $5,950 via wire on December 30, 2024.

48.     On January 10, 2025, less than one business day prior to the scheduled mediation, Defendants' counsel Alandis Brassel cancelled the January 13, 2025 mediation via email.

49.     Plaintiff filed a Motion for an Award of Costs against Defendants for the non-refundable mediation fee.

50.     During the March 3, 2025 telephonic hearing on the motion, Mr. Brassel advised the Court that he no longer resided in the District and that he was in the process of closing his law practice.

51.     On March 3, 2025, this Court entered an Order requiring the appearance of new local counsel within 14 days and the payment of Plaintiff's mediation costs within 60 days.

52.     To date, neither requirement has been met.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 27, 2025            */s/ Elizabeth A. Fegan*
                                         Elizabeth A. Fegan