# EXHIBIT R

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| JANE DOE 2, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:23-CV-00582 |
| | ) | |
| v. | ) | JUDGE TRAUGER |
| | ) | |
| JIMMIE ALLEN, AADYN'S DAD | ) | JURY TRIAL DEMANDED |
| TOURING, INC., CHARLES HURD | ) | |
| and JOHN DOES 1-100 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DEFENDANTS JIMMIE ALLEN AND AADYN'S DAD TOURING, INC.'S INITIAL DISCLOSURES

Defendants Jimmie Allen ("Allen") and Aadyn's Dad Touring, Inc. ("ADT") (collectively, "Defendants") submit their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) as follows:

### I. PRELIMINARY STATEMENT

These disclosures are based upon Defendants' knowledge, information, and belief at this time. Defendants reserves the right to amend or supplement these disclosures as necessary at any time or to introduce facts not set forth in these disclosures to the extent required or permitted under the Federal Rules of Civil Procedure. Defendants further reserve the right to rely upon such facts and persons having knowledge of such facts and/or documents evidencing such facts as may be derived through future discovery or through their continuing investigation in this matter.

### II. DISCLOSURES

**A. Rule 26(a)(1)(A)(i): The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party**

1

**may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

Defendants identify the following individuals as likely to have discoverable information.

1) Alexis Gale, Defendant's Wife (contact through Defendants' counsel only). Ms. Gale has general knowledge of Plaintiff's claims and Defendants' defenses, including general knowledge of Allen's career and Plaintiff's relationship with Allen.

2) Charles Hurd, Bodyguard (860-768-2973). Mr. Hurd has general knowledge of Plaintiff's claims and Defendants' defenses, including general knowledge of Allen's career and Plaintiff's relationship with Allen.

3) Plaintiff.

4) Any person identified in Plaintiff's initial disclosures or in her discovery responses in this case.

5) Any person identified as a person with knowledge in deposition testimony.

6) Any person identified in the documents produced by the parties in the course of discovery.

7) Any person identified after further investigation and discovery.

**B.  Rule 26(a)(1)(A)(ii):  A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in possession, custody or control of the party and that the disclosing party may use to support its claims and defenses, unless solely for impeachment.**

Based on currently available information and subject to further investigation of the case, Defendants submit the following descriptions by category and location of documents that Defendants may use to support their claims and defenses in this action. Defendants reserve the right to supplement this list at a later date as discovery proceeds. By listing documents or categories of documents, Defendants do not waive their right to object to discovery requests to which any document or category of documents may be responsive. Defendants also do not waive

their rights to object to the production of any documents and things subject to the attorney-client privilege or the work product doctrine. These categories are not admissions that any documents within a specified category exist or that they are within the custody or control of Defendants. Defendants further reserve the right to supplement these documents as the case proceeds:

- Allen's text messages;

- Other communications related to Plaintiff's claims and Defendants' defenses;

- Any documents produced by the parties in discovery.

**C. Rule 26(a)(1)(A)(iii): A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Allen is seeking the following categories of damages from Plaintiff:

(1) Compensatory damages for impairment of reputation and standing in the community, personal humiliation, and emotional distress in an amount to be determined by the jury;

(2) Lost profits from existing and prospective business relations in an amount to be developed during discovery;

(3) Punitive damages in an amount to be determined by the jury;

(4) Attorneys' fees;

(5) Prejudgment and post judgment interest; and

(6) Costs and expenses.

**D. Rule 26(a)(1)(A)(iv): For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to**

3

**satisfy the judgment.**

No insurance business is liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.

*/s/ Jonathan Cole*
Jonathan Cole, TN BPR No. 016632
Katelyn R. Dwyer, TN BPR No. 039090
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
1600 West End Ave., Suite 2000
Nashville, Tennessee 37203
Telephone: (615) 726-5600
Facsimile: (615) 726-0464
jcole@bakerdonelson.com
kdwyer@bakerdonelson.com

*Attorneys for Jimmie Allen and Aadyn's Dad Touring, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2023, a copy of the foregoing *Defendants' Initial Disclosures* was emailed to the following counsel of record:

>John Spragens
>SPRAGENS LAW PLC
>311 22nd Ave. N.
>Nashville, TN 37203
>Ph: (615) 983-8900
>Fax: (615) 682-8533
>john@spragenslaw.com
>
>Elizabeth A. Fegan (admitted pro hac vice)
>FEGAN SCOTT LLC
>150 S. Wacker Dr., 24th Floor
>Chicago, IL 60606
>Ph: 312.741.1019
>Fax: 312.264.0100
>beth@feganscott.com
>
>Yujin Choi (admitted pro hac vice)
>FEGAN SCOTT LLC
>2301 Blake Street, Suite 100
>Denver, CO 80205
>Ph: 720.994.8420
>Fax: 312.264.0100
>yujin@feganscott.com
>
>*Attorneys for Plaintiff*

>>*/s/ Jonathan Cole*
>>Jonathan Cole