# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| JANE DOE 2, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No.  3:23-cv-00582 |
| | ) | Judge Trauger |
| JIMMIE ALLEN, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On May 27, 2025, the plaintiff filed a Motion for Sanctions and Judgment Against Defendants Jimmie Allen and Aadyn's Dad Touring, Inc. (Doc. No. 81), to which no response has been filed.  Local Rule 7.01(a)(3) states, in part: "If a timely response in opposition is not filed, the motion shall be deemed to be unopposed."  The court therefore interprets this motion to be unopposed.

Even were that presumption not in effect, this motion is well supported by the facts of this case.  The defendants throughout have failed to comply with case management discovery deadlines and even failed to comply with specific Orders of this court.  On March 3, 2025, the court ordered the defendants to pay to the plaintiff $5,950.00 in non-refundable mediation fees within 60 days of the Order (Doc. No. 80).  As of the entry of this Order, August 18, 2025, that money has not been paid.  That same Order required the defendants to have new local counsel enter an appearance of record on their behalf within 14 days.  That mandate, as well, has not been complied with by the defendants.

For these reasons, the plaintiff's Motion for Sanctions and Judgment Against Defendants Jimmie Allen and Aadyn's Dad Touring, Inc. (Doc. No. 81) is GRANTED pursuant to Federal Rules of Civil Procedure 16(f) and 37(b). Within 20 days, the plaintiff shall file a properly-supported motion for damages.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
U.S. District Judge